IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


NESTOR RUPERTO CHAVEZ,

      Petitioner,

vs.                                      CIV NO. 04-0909 RB/ACT


TIM LeMASTER, Warden, and
PATRICIA MADRID, Attorney General of
the State of New Mexico,

      Respondents.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondents' Motion to Dismiss the Petition for the Writ of Habeas Corpus. (Doc. No. 9). The Motion was filed on September 20, 2004 and Petitioner responded on November 8, 2004. (Doc. No. 13). Petitioner knew his response was late and filed a Request to Defer Ruling on the Motion to Dismiss until he was able to file a Response. (Doc. No. 12). That Request is GRANTED. The Court has considered the Petitioner's Response in ruling on the Motion to Dismiss.

    The United States Magistrate Judge, having reviewed the Petition and its accompanying exhibits, the Motion to Dismiss and Memorandum in Support of the Motion, the Answer and the accompanying Exhibits, and the Petitioner's Response, recommends that the Motion to Dismiss

be GRANTED. The United States Magistrate Judge recommends that the Petition for the Writ of Habeas Corpus be DENIED as procedurally defaulted because the Petitioner failed to exhaust his remedies in state court. The United States Magistrate Judge also recommends that Petitioner's Motion to Produce the state court records of his Co-Defendant (Doc. No. 14) be DENIED and that Petitioner's Motion for the appointment of Counsel (Doc. No. 3) be DENIED.

PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Partially Suspended Sentence and Commitment of the Thirteenth Judicial District Court, County of Valencia, State of New Mexico in case No. D1314 CR 02-471. (Answer, Exhibit A). Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner entered into a Plea Agreement in which he agreed to plead no contest to the charges of Aggravated Battery (Great Bodily Harm), a third degree felony, Conspiracy to Commit Murder in the Second Degree, a third degree felony, and Tampering with Evidence, a fourth degree felony. Defendant further agreed that his sentence would be enhanced by a mandatory four (4) years as a 2nd Habitual Offender. (Answer, Exhibit A & B). Petitioner complied with the Plea Agreement and pled no contest to the charges on August 15, 2003. (Answer, Exhibit A).

3. Petitioner's sentencing was also held on August 15, 2003 before New Mexico District Court Judge Kenneth Brown but not filed of record until September 16, 2003. (Answer, Exhibits A & B).

4. Petitioner was sentenced to a total of eleven and a half (11 ½) years with seven and a half (7 ½) years suspended followed by five (5) years on supervised probation. (Answer, Exhibit

A).  Petitioner was given his presentence confinement credit.  Petitioner was also to be placed on parole for two (2) years after release. (Answer, Exhibit A). The Judgment, Partially Suspended Sentence and Commitment also stated that the felony of Aggravated Battery (Great Bodily Harm) is a serious violent felony pursuant to Section 33-2-34(L) N.M.S.A.1978.

    5.  At all times, during the proceedings leading to the agreements contained in Petitioner's Repeat Offender Plea and Disposition Agreement as well as during the imposition of the Judgment and Sentence, Petitioner was represented by counsel. (Answer, Exhibits A and B).

    6.  On March 3, 2004, Petitioner filed a Petition for a Writ of Habeas Corpus in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico.  (Answer, Exhibit C).  Petitioner alleged that his pleas of no contest to the charges were induced by promises and threats and that his pleas were not voluntary.  He also asserted that his attorney told him that his actual prison exposure time under the plea agreement would be eighteen months when combined with his presentence credit and the probability that he would earn good time.  Lastly, Petitioner asserted that he received ineffective assistance of counsel.

    7.  On March 9, 2004, New Mexico District Court Judge Kenneth Brown denied the Petition on the merits.  The state court judge found that he was the trial judge in the criminal case of the Petitioner, that he was involved in all the proceedings from the date of appointment to the sentencing of the Petitioner, that his Court was the court to which Petitioner entered his no contest plea, that he had reviewed all the pleadings in the case and was familiar with the facts of the case, and "that Nestor Ruperto Chavez did have effective assistance of counsel, and ... that the Defendant was fully apprised of all of his rights by his counsel and this Court when submitting the pleas of no-contest."  (Answer, Exhibit D).

      8. Petitioner executed a Petition for a Writ of Certiorari on May 28, 2004 and attempted to file his Petition in early June, 2004 to the Supreme Court of the State of New Mexico. (Answer, Exhibit E). The Petition was late and was not accepted by the Clerk of the Supreme Court of New Mexico for filing. The Petition was returned to the Petitioner on June 4, 2004. The Clerk of the Supreme Court wrote to Petitioner, "In accordance with Rule 12-501 a petition for writ of certiorari must be received within 30 days from the district court denial of habeas corpus. We are therefore unable to process you petition." (Answer, Exhibit E).

      9. The Application for a Writ of Habeas Corpus was filed in federal court on August 11, 2004 in which Petitioner is asserting claims that he received ineffective assistance of counsel, that his due process rights were violated because his plea was induced by threats and an unfulfilled promise, that he was subject to prosecutorial misconduct and that his constitutional rights were violated because he received an illegal sentence. (Doc. No. 1).

      10. Respondents answered and moved to dismiss on September 20, 2004, asserting that the Petition is barred because Petitioner failed to fully exhaust his remedies in the state courts below. (Docs. No. 9, 10 and 11). Petitioner responded to Respondents' Motion to Dismiss explaining that he had filed his writ of certiorari to the Supreme Court of New Mexico late because he was unaware of any time limits and was unaware of the complexities of New Mexico state law and in particular post-conviction proceedings. (Doc. No. 13).

## CLAIMS ARE BARRED BY THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 BECAUSE PETITIONER FAILED TO EXHAUST HIS REMEDIES IN STATE COURT

11. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that an application for the writ of habeas corpus for a person in custody pursuant to a judgment of a State court will not be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254 (B)(I).

12. The doctrine of the exhaustion of state remedies requires that a state prisoner who seeks a petition for the writ of habeas corpus in federal court first adequately present his claims to the state courts below. The purpose of the exhaustion requirement is to allow the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal courts. *Vasquez v. Hillary*, 474 U.S. 254, 257 (1986) (quoting *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

13. Petitioner failed to exhaust his state remedies with regard to the claims presented in this federal petition because he failed to timely file his petition for a writ of certiorari to the Supreme Court of New Mexico after the state district court denied his Petition for the Writ of Habeas Corpus. (Answer, Exhibit E). The certiorari deadline in state habeas corpus cases is written in mandatory language: "Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M.R.App.R. 12-501(B).

14. Petitioner's claim is procedurally defaulted for failing to exhaust his state remedies unless he can show some cause or prejudice. *Watson v. State of New Mexico*, 45 F. 3d 385 (10th

Cir. 1995). Cause or prejudice must be some external factor that impeded Petitioner's ability to comply with New Mexico's procedural rules. Basic ignorance of the law or rules is not an external factor. *Id.,* at 388. The Court has read Petitioner's pleadings in which he explained his failure to timely file his writ of certiorari to the Supreme Court of New Mexico. The Court finds that Petitioner has not demonstrated cause or prejudice.

## THE STATE DECISION BELOW DID NOT RESULT IN A DECISION THAT WAS CONTRARY TO FEDERAL LAW

15. The AEDPA allows this Court to deny an application for the Writ of Habeas Corpus on the merits, even if the applicant failed to exhaust his state remedies. If it is clear that Petitioner's application would be denied for failure to state a claim, if Petitioner had been able to exhaust his state remedies, this Court may rule on the merits. *See, Hoxsie v. Kerby*, 108 F. 3d 1239 (10th Cir. 1997).

16. The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

17. The claims brought forth by Petitioner in this Petition are the same claims that were

addressed on the merits by the New Mexico District Court. Petitioner alleged in that court, as he does in this Petition, that just prior to his decision to enter his pleas of no contest to three felony charges, he was told that there was a possibility that the plea agreement of one of his co-defendants might be withdrawn if Petitioner did not agree to his own plea agreement. Petitioner says he felt threatened and pressured to enter into his plea agreement because his co-defendant and her family were present in the courtroom. His co-defendant was there for the purpose of signing her own plea agreement.

Petitioner also alleges that his attorney told him that he would be able to earn sufficient meritorious deductions on his sentence (good time credit) to reduce the remaining time he had agreed to serve by almost half when also credited with his pre-sentence time served.. He argues that this "threat" and this "promise" induced him to enter into his plea agreement. He also claims that his attorney's statement that he would earn 50% good time credit (one day of meritorious deduction for one day served) amounted to ineffective assistance of counsel. In fact, Petitioner is not allowed to earn 50% good time credit because he pled no contest to a serious violent felony. Petitioner alleges that his attorney failed to inform him that the New Mexico statute allowing meritorious deductions on prison sentences requires that prisoners confined for committing a serious violent felony may only earn up to a maximum of four days per month. N.M.S.A. §33-2-34 (A)(1).[1]

18. Turning to the merits of the Petition, the issue before this Court is whether the adjudication on the merits below resulted in a decision that was contrary to, or involved an

---

[1] A sentence involving a serious violent felony is commonly known as an 85% sentence as opposed to a 50% sentence because the prisoner must serve at least 85% of his time.

unreasonable application of, clearly established federal law or resulted in an unreasonable determination of the facts. The Court finds that the state court decision below neither resulted in a decision that was contrary to, nor did it involve an unreasonable application of, clearly established federal law. The Court further finds that the state court decision below did not result in an unreasonable determination of the facts.

20. Clearly established federal law requires that a plea of guilty or no contest must be voluntary and knowing. If the plea was induced by promises, the essence of those promises must be made known. The trial judge to whom the plea is given must determine that there is a factual basis for the plea before he or she may accept the plea. *Santobello v. New York*, 404 U.S. 257 (1971).

In the state courts of New Mexico, a plea agreement must be in writing in a form substantially complying with a form approved by the Supreme Court of New Mexico. The purpose of requiring a writing is to ensure that: 1) prosecutorial promises are kept; 2) the plea agreement accurately reflects the bargain struck between the prosecutor and the defendant; 3) the defendant is adequately informed of the consequences of his plea; and 4) the plea agreement is not secretive. *State v. Jonathan B.*, 1998 NMSC-003, ¶ 11, 954 P.2d 52, 54 (1997), *cert. denied* 525 U.S. 865 (1998).

21. The record establishes that the plea agreement, the Petitioner's plea of no contest to three felonies and the state court's acceptance of Petitioner's plea met all of these federal constitutional and state requirements. Exhibit B to the Answer is the "Repeat Offender Plea and Disposition Agreement". Petitioner signed it along with his attorney, the prosecutor and District Judge Kenneth G. Brown. The plea agreement was accepted by the District Judge and recorded

in open court. The state court judge found, on the record, that the Petitioner understood the charges, the possible sentences, and the rights he was giving up, that Petitioner wished to give up these rights, that there was a factual basis for accepting the plea, that Petitioner and the prosecutor had entered into a plea agreement and that the Petitioner understood its terms, that the plea was voluntary and not the result of threats or promises other than those included in the plea agreement and that it was reasonable that Petitioner plead no contest. Petitioner did not mention any threats, promises or representations made to him at the time he entered his plea.

22. In the order dismissing the Petitioner's state Petition for the Writ of Habeas Corpus, District Judge Kenneth G. Brown found: 1) that he had been the trial judge in this matter; 2) that he had been involved in all proceedings of record involving the Petitioner from the date of his appointment of counsel to his sentencing; 3) that he was the judge to whom the Petitioner had entered his no contest pleas; 4) that he had reviewed all the pleadings in the case and was familiar with all the facts that were of record; 5) that Petitioner did have effective assistance of counsel when he entered his no contest plea; and 6) that Petitioner was fully apprised of his rights by both his counsel and himself when Petitioner entered his plea of no contest.

23. Petitioner's allegations are unsupported and are directly contradicted by the record. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Claims of unkept promises and misunderstandings, when confronted by a court record that refutes those claims, do not support a petition for the writ of habeas corpus. *Lasiter v. Thomas*, 89 F. 3d 699, 703 (10th Cir. 1996).

Petitioner alleges that he was threatened with the withdrawal of his co-defendant's plea agreement and was therefore coerced into entering into his own plea agreement. But Petitioner

did not submit any evidence - e.g., affidavits or statements from his co-defendant, her attorney, her family members, his attorney or anyone - to substantiate these allegations. Based on these unsupported allegations and a court record that contradicts these allegations, this Court cannot find that Petitioner has presented any evidence that his constitutional rights were violated. The state court's decision below, that Petitioner was fully apprised of his rights and that the record accurately reflects what happened - that Petitioner's plea was voluntary and not the result of threats or promises other than those included in the plea agreement - is neither contrary to, nor does it involve an unreasonable application of, clearly established federal law. The state court decision below also does not contain an unreasonable determination of the facts.

24.  Petitioner also alleges that his attorney told him his plea would allow him to earn 50% good time credit on his sentence and that this advice induced him to enter into his plea agreement. Petitioner alleges that this misrepresentation amounted to ineffective assistance of counsel.

Clearly established federal law holds that to establish ineffective assistance of counsel, Petitioner must establish both that his attorney's performance was deficient and that this deficient performance caused prejudice to the Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is attorney conduct which is outside "the wide range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996). To establish prejudice, Petitioner must show that absent his attorney's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

25.  The record reflects that Petitioner stated that no promises had been made to him that were not contained in the plea agreement. There is nothing in the plea agreement concerning

potential meritorious deductions.  Petitioner has presented no evidence to support his allegations that his attorney gave him erroneous advice.

26.  The state court's decision below - that Petitioner had effective assistance of counsel at the time he entered into his pleas of no contest - is neither contrary to, nor does it involve an unreasonable application of, clearly established federal law.  The state court decision below also does not contain an unreasonable determination of the facts as shown by the exhibits.

## PETITIONER'S MOTION FOR THE PRODUCTION OF COURT RECORDS

27.  Petitioner has moved for the production of the Court records of one of his co-defendants Michael Armendariz.  The records will show, he alleges, that a jury found his co-defendant guilty of first degree murder but found his co-defendant not guilty on the charge of conspiracy to commit second degree murder.  The latter charge was one of the felonies to which Petitioner pled no contest.

28.  Petitioner claims that the state court records of his co-defendant's verdict will support his claim that he received ineffective assistance of counsel and that he received an illegal sentence. His argument is that there was no factual basis to support his own plea of no contest to conspiracy to commit second degree murder because a jury found his co-defendant not guilty on the charge of conspiracy to commit second degree murder.

29.  The Court recommends that this Motion for the Production of Court Records be DENIED.  Assuming the court records of his co-defendant Armendariz reflect that he was found not guilty of the conspiracy charge, the jury did find this co-defendant guilty of first degree murder.  The two charges are usually exclusive of each other - that is, if the jury found

11

Armendariz guilty of first degree murder, they necessarily rejected the evidence that would have found him guilty of the lesser charge of conspiracy to commit second degree murder. In other words, the verdicts found against and in favor of Armendariz have no bearing on Petitioner's claim that there was no factual basis for Petitioner's no contest plea to the felony of conspiracy to commit second degree murder.

30. The state court judge found, on the record, that there was a factual basis for the charges to which Petitioner was pleading no contest. The judge accepted Petitioner's plea of no contest to three felonies. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The court records of his co-defendant would not contradict these findings of the state court judge and are therefore unnecessary.

## REQUEST FOR APPOINTMENT OF COUNSEL

31. Petitioner has also requested that the Court appoint him counsel. (Doc. No. 3).

32. The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).

33. Although Petitioner has represented himself during his habeas corpus proceedings in both state and federal court, he has been able to reasonably present his claims to the court in his Petition for the Writ of Habeas Corpus. The claims presented were straightforward and had been previously presented to the state court below.

34. The Court has reviewed the Petition and recommends that the Petition for the Writ of Habeas Corpus be denied as procedurally defaulted for failure to exhaust state remedies. The assistance of counsel for the Petitioner would not have materially altered the analysis of the Court or altered its recommendation.

35. The Court finds that the Petitioner has been able to present his case adequately without benefit of counsel and the appointment of counsel for the Petitioner would not have assisted the Court. Therefore the Court recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

## CONCLUSION

The claims presented by Petitioner were addressed on the merits by the state district court and denied. The Petitioner failed to timely appeal this denial to the Supreme Court of New Mexico. Petitioner failed to exhaust his state remedies and his Petition is barred by the AEDPA.

Even if Petitioner had exhausted his state remedies prior to filing his Petition for the Writ of Habeas Corpus in federal court, his Petition fails to present any evidence that his federal constitutional rights have been violated. Having reviewed the state court decision, this Court finds that the state court decision below is neither contrary to, nor does it involve an unreasonable application of, clearly established federal law. The decision below also does not involve an unreasonable determination of the facts in this case as shown by the exhibits.

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because it is procedurally defaulted and that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED. The Court recommends that Petitioner's Motion for the

Production of State Court Records be DENIED because the records are unnecessary for the Court's decision. The Court also recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, and that the §2254 Petition for a Writ of Habeas Corpus be DISMISSED WITH PREJUDICE as procedurally defaulted.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE